## Tomina v. Costello

*Seif, Evashwick & Best*, for plaintiff.

*Zeno Fritz*, for defendant.

THOMPSON, J., May 3, 1950.—Plaintiffs have stated that the basis of their complaint is a proceeding "to quiet title" against defendants above named. Their title is derived from deed of Catherine G. Costello, unmarried, dated May 20, 1949. The difficulty arises out of the description, which is as follows:

"All that certain lot or piece of ground situate in the Nineteenth (19th) Ward of the City of Pittsburgh, County of Allegheny and Commonwealth of Pennsylvania, being part of lot No. Thirty-six (36) in Elizabeth M. Ebb's Plan of Mt. Washington, bounded and described as follows, to wit:

"Beginning at a point on the southwest corner of Grace Street and Mann Street; thence in a westerly direction along the southerly side of Mann Street, one hundred twenty (120) feet to a point; thence in a southerly direction fifty (50) feet to a point on line of

property of E. W. Smith and the property herein conveyed thence in an easterly direction one hundred twenty (120) feet to a point on the westerly line of Grace Street; thence in a northerly direction fifty (50) feet along the westerly line of Grace Street to a point at the place of beginning."

This description plaintiffs aver is incorrect and that the correct description appears in all the title deeds covered in the chain of title of this property from the year 1872 to 1949 and that the correct description is as follows:

"All that certain lot or piece of ground situate in the Nineteenth (19th) Ward of the City of Pittsburgh, County of Allegheny and Commonwealth of Pennsylvania, being part of lot No. Thirty-six (36) in Elizabeth M. Ebb's Plan of Mt. Washington, bounded and described as follows, to wit:

"Beginning at a point on the southeast corner of Grace (Railroad) Street and Mann (Mason) Street; thence in an easterly direction along the southerly side of Mann (Mason) Street, one hundred twenty (120) feet to a point; thence in a southerly direction fifty (50) feet to a point on line of property of E. W. Smith and the property herein conveyed; thence in a westerly direction one hundred twenty (120) feet to a point on the easterly line of Grace Street; thence in a northerly direction fifty (50) feet along the easterly line of Grace Street to a point at the place of beginning."

The only difference between these two descriptions is that the title deed describes the property as being on the southwest corner of Grace and Mann Streets whereas it should be described as being on the southeast corner of the same streets.

Plaintiffs aver that they are in possession of the premises at the southeast corner of Grace and Main Streets and that the property has erected thereon a two-story frame house.

Both descriptions locate the property as being a part of lot no. 36 in Elizabeth M. Ebb's plan of Mt. Washington in the nineteenth ward of the City of Pittsburgh, and both set forth that the adjoining property is owned by E. W. Smith.

The complaint avers that defendants are the only persons who appear to have any interest in the real estate.

Relief is sought under Rule 1061 of the Pennsylvania Rules of Civil Procedure and the prayer of the petition is as follows:

"Wherefore, the plaintiffs pray your Honorable Court to order and decree that the above named defendants and all other persons not named in the complaint herein, who have or claim to have any right, title or interest or claim against the land above described to answer within twenty (20) days after the service of the complaint herein whether by personal service or by advertisement as herein set out."

The preliminary objections may be summarized in the questions of law, which defendants have stated are now involved, to wit:

"1. Can the description of premises as contained in a deed or deeds be corrected or reformed by means of an action to quiet title under Pa. R. C. P. 1061-1066?

"2. Does equity have exclusive jurisdiction in actions brought or intended to correct or reform the description of premises as set forth in a deed of record?"

On the question of jurisdiction, Pa. R. C. P. 1061 is as follows:

"Action to Quiet Title. Rule 1061. Conformity to Assumpsit. Scope."

"(a) Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in assumpsit.

"(b) The action may be brought (1) to compel an adverse party to commence an action of ejectment; (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land . . ."

Plaintiffs in their petition seek to have the title to their land quieted. They nowhere specifically ask to have their deed reformed as defendants seem to aver. The action of ejectment, of course, is not open to plaintiffs as they are in possession of the land, which is involved. It seems to us that there is color of title in other persons presumably defendants and that plaintiffs are entitled to have their title quieted under Pa. R. C. P. Rule 1061(2) (*b*), which we have quoted above and reads as follows:

"(2) Where an action of ejectment will not lie, *to determine any right, lien, title or interest in the land* . . ." (Italics supplied.)

Prior to the new procedural rules there were acts of assembly under which plaintiffs might have sought relief, to wit, the Act of June 10, 1893, P. L. 415, and the Act of March 8, 1889, P. L. 10, as amended by section 1 of the Act of April 16, 1903, P. L. 212.

In discussing rule 1061 as well as the previous legislation, the author of Goodrich-Amram in vol. 1, §1061(b) 5 states:

"This goes beyond the existing statutes and, in fact, comprehends the full coverage of the bill in equity quia timet. . . ."

". . . The action to quiet title is designed to cover all the situations which ejectment cannot adjudicate; between the two actions, every available title question should be subject to adjudication in an action at law.

"To state it another way, the effect is the same as if there had been a consolidation of law and equity into a single form of action dealing with clouds on title, such a consolidation being within the purview of the Act authorizing the Procedural Rules. . . .

"Ordinarily, there would have been no need to retain any existing actions, because the scope of the action to quiet title is broad enough to include them all." (§1061(b)6)

It seems to us, therefore, that this court has jurisdiction of this proceeding.

If, as incidental or ancillary to this jurisdiction, the court in making a decree deems it necessary to correct the description in plaintiffs' deed, it would seem to us that this action would also be within its jurisdiction.

The preliminary objections will, therefore, be dismissed and defendants given 15 days to file an answer to the merits.

### Order of Court

And now, to wit, May 3, 1950, upon consideration of the foregoing case it is ordered, adjudged and decreed that the preliminary objections to the complaint be and the same are hereby dismissed and defendants are given 15 days in which to file an answer to the merits.